1  NICOLA T. HANNA
   United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   RACHEL N. AGRESS (Cal. Bar No. 281703)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0487
7       Facsimile: (213) 894-6269
        E-mail:    rachel.agress@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11             FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. ED CR 19-00072-JAK

13           Plaintiff,                STIPULATION AND JOINT REQUEST FOR
                                       A PROTECTIVE ORDER REGARDING
14              v.                     DISCOVERY CONTAINING PERSONAL
                                       IDENTIFYING INFORMATION, PRIVACY
15  ANGEL PHILIP ANGULO, JR.,          ACT INFORMATION, CONFIDENTIAL
                                       INFORMANT INFORMATION AND/OR
16           Defendant.                UNDERCOVER LAW ENFORCEMENT
                                       OFFICER INFORMATION
17
                                       PROPOSED ORDER FILED SEPARATELY
18

19

20       Plaintiff, United States of America, by and through its counsel

21  of record, the United States Attorney for the Central District of

22  California and Assistant United States Attorney Rachel N. Agress, and

23  defendant ANGEL PHILIP ANGULO, JR. ("defendant"), by and through his

24  counsel of record, Deputy Federal Public Defender Claire M. Simonich

25  (collectively with the government, the "parties"), for the reasons

26  set forth below, hereby request that the Court enter the proposed

27  protective order (the "Protective Order") governing the use and

28  dissemination of (1) personal identifying information ("PII") of real

1   persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1),

2   (2) material that may contain information within the scope of the

3   Privacy Act, and (3) information related to confidential informant(s)

4   and/or undercover law enforcement officer(s) who participated in the

5   government's investigation and who may testify at trial.

6        Introduction and Grounds for Protective Order

7        1.   Defendant is charged in this matter with two counts of 21

8   U.S.C. §§ 841(a)(1), (b)(1)(A)(viii):  distribution of

9   methamphetamine.  Defendant is detained pending trial.

10       2.   A protective order is necessary because the government

11  intends to produce to the defense materials regarding confidential

12  informants or undercover law enforcement officers who participated in

13  the government's investigation and who may testify at trial.  Because

14  these materials could be used to identify the confidential informants

15  or undercover law enforcement officers, the government believes that

16  the unauthorized dissemination or distribution of the materials may

17  compromise the ability of such persons to participate effectively in

18  future investigations in an undercover capacity and/or may expose

19  him/her to potential safety risks.

20       3.   A protective order is also necessary because the government

21  intends to produce to the defense materials containing third parties'

22  PII.  The government believes that disclosure of this information

23  without limitation risks the privacy and security of the

24  information's legitimate owners.  Because the government has an

25  ongoing obligation to protect third parties' PII, the government

26  cannot produce to defendant an unredacted set of discovery containing

27  this information without the Court entering the Protective Order.

28  Moreover, PII makes up a significant part of the discovery in this

1 case and such information itself, in many instances, has evidentiary

2 value.  If the government were to attempt to redact all this

3 information in strict compliance with Federal Rule of Criminal

4 Procedure 49.1, the Central District of California's Local Rules

5 regarding redaction, and the Privacy Policy of the United States

6 Judicial Conference, the defense would receive a set of discovery

7 that would be highly confusing and difficult to understand, and it

8 would be challenging for defense counsel to adequately evaluate the

9 case, provide advice to defendant, or prepare for trial.

10      4.   An order is also necessary because the government intends

11 to produce to the defense materials that may contain information

12 within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act

13 Information").  To the extent that these materials contain Privacy

14 Act Information, an order is necessary to authorize disclosure

15 pursuant to 5 U.S.C. § 552a(b)(11).

16      5.   The purpose of the Protective Order is to (a) allow the

17 government to comply with its discovery obligations while protecting

18 this sensitive information from unauthorized dissemination, and

19 (b) provide the defense with sufficient information to adequately

20 represent defendant.

21      Definitions

22      6.   The parties agree to the following definitions:

23           a.   "CI Materials" includes any information relating to a

24 confidential informant's prior history of cooperation with law

25 enforcement or relating to an undercover law enforcement officer's

26 prior history of undercover activities, any information relating to a

27 confidential informant's or undercover law enforcement officer's

28 prior criminal history, statements, or any other information that

1  could be used to identify a confidential informant or undercover law

2  enforcement officer, such as a name, image, address, date of birth,

3  or unique personal identification number, such as a Social Security

4  number, driver's license number, account number, or telephone number.

5          b.    "PII Materials" includes any information that can be

6  used to identify a person, including a name, address, date of birth,

7  Social Security number, driver's license number, telephone number,

8  account number, email address, or personal identification number.

9          c.    "Confidential Information" refers to any document or

10  information containing CI Materials or PII Materials that the

11  government produces to the defense pursuant to this Protective Order

12  and any copies thereof.

13          d.    "Defense Team" includes (1) defendant's counsel of

14  record ("defense counsel"); (2) other attorneys at defense counsel's

15  law firm who may be consulted regarding case strategy in this case;

16  (3) defense investigators who are assisting defense counsel with this

17  case; (4) retained experts or potential experts; and (5) paralegals,

18  legal assistants, and other support staff to defense counsel who are

19  providing assistance on this case.  The Defense Team does not include

20  defendant, defendant's family members, or any other associates of

21  defendant.

22      Terms of the Protective Order

23      7.    The parties jointly request the Court enter the Protective

24  Order, which will permit the government to produce Confidential

25  Information in a manner that preserves the privacy and security of

26  third parties.  The parties agree that the following conditions in

27  the Protective Order will serve these interests:

28

1        a.    The government is authorized to provide defense

2  counsel with Confidential Information marked with the following

3  legend, or a similar designation: "CONFIDENTIAL INFORMATION --

4  CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that

5  legend on the digital medium (such as DVD or hard drive) or simply

6  label a digital folder on the digital medium to cover the content of

7  that digital folder.  The government may also redact any PII

8  contained in the production of Confidential Information.

9        b.    If defendant objects to a designation that material

10  contains Confidential Information, the parties shall meet and confer.

11  If the parties cannot reach an agreement regarding defendant's

12  objection, defendant may apply to the Court to have the designation

13  removed.

14        c.    Defendant and the Defense Team agree to use the

15  Confidential Information solely to prepare for any pretrial motions,

16  plea negotiations, trial, and sentencing hearing in this case, as

17  well as any appellate and post-conviction proceedings related to this

18  case.

19        d.    The Defense Team shall not permit anyone other than

20  the Defense Team to have possession of Confidential Information,

21  including defendant, while outside the presence of the Defense Team.

22        e.    Notwithstanding the paragraph above, defendant may see

23  and review CI Materials only in the presence of defense counsel, and

24  defense counsel shall ensure that defendant is never left alone with

25  any CI Materials.  With the exception of the files and the members of

26  the Defense Team specified in footnote 1, if defense counsel wishes

27  to enable defendant to review certain CI Materials in the presence of

28  any person on the Defense Team other than defense counsel, defense

5

1    counsel shall submit a letter to government counsel of record

2    (currently, Assistant United States Rachel N. Agress) identifying

3    that person (the "designated person") and the specific CI Materials,

4    and shall submit a copy of the protective order stipulation that has

5    been signed by that designated person.  Upon receipt of those

6    materials, if the government, in its sole discretion, finds the

7    designated person and the specific CI Materials acceptable, prior to

8    the designated person reviewing any CI Materials with defendant,

9    government counsel of record will confirm in writing that defendant

10   is additionally allowed to review that specific CI Materials

11   ("Approved CI Materials") in the presence of the designated person.[1]

12   At the conclusion of any meeting with defendant at which defendant is

13   permitted to view CI Materials, defendant must return any CI

14   Materials to defense counsel or the designated person, who shall take

15   all such materials with counsel or the designated person.  Defendant

16   may not take any CI Materials out of the room in which defendant is

17

---

18       [1]  If defense counsel wishes to enable defendant to review the
     CI Materials specified in this footnote ("Footnote 1 Materials") in
19   the presence of a retained expert on the Defense Team, the retained
     expert shall sign and provide to defense counsel a copy of the
20   protective order stipulation, including initialing this footnote
     which states that the retained expert understands that: (i) at the
21   conclusion of any meeting with defendant at which defendant is
     permitted to view CI Materials, defendant must return any CI
22   Materials to the retained expert, who shall take all such materials
     with the retained expert; (ii) defendant may not take any CI
23   Materials out of the room in which defendant is meeting with the
     retained expert; and (iii) at no time, under no circumstance, will
24   any Confidential Information be left in the possession, custody, or
     control of defendant, regardless of defendant's custody status.  In
25   addition, defense counsel must lodge a copy of the protective order
     stipulation that has been signed by the retained expert with the
26   Court.  The lodging may be made without notice to the government.
     "Footnote 1 Materials" are defined as audio recording files
27   identified as Bates Nos. USA_000317 through USA_000320, and
     USA_000552, which will be produced as pursuant to the protective
28   order entered in this case.  No video recording files are included in
     Footnote 1 Materials.

1  meeting with defense counsel or the designated person.  At no time,

2  under no circumstance, will any Confidential Information be left in

3  the possession, custody, or control of defendant, regardless of

4  defendant's custody status.

5          f.    Defendant may review PII Materials only in the

6  presence of a member of the Defense Team, who shall ensure that

7  defendant is never left alone with any PII Materials.  At the

8  conclusion of any meeting with defendant at which defendant is

9  permitted to view PII Materials, defendant must return any PII

10  Materials to the Defense Team, and the member of the Defense Team

11  present shall take all such materials with him or her.  Defendant may

12  not take any PII Materials out of the room in which defendant is

13  meeting with the Defense Team.

14          g.    Defendant may see and review Confidential Information

15  as permitted by this Protective Order, but defendant may not copy,

16  keep, maintain, or otherwise possess any Confidential Information in

17  this case at any time.  Defendant also may not write down or

18  memorialize any data or information contained in the Confidential

19  Information.

20          h.    The Defense Team may review Confidential Information

21  with a witness or potential witness in this case, including

22  defendant.  Defense counsel must be present whenever any CI Materials

23  are being shown to a witness or potential witness.  A member of the

24  Defense Team must be present if PII Materials are being shown to a

25  witness or potential witness.  With the exception of the files and

26  the witnesses specified in footnote 2, before being shown any portion

27  of Confidential Information, any witness or potential witness must be

28  informed of, and agree in writing to be bound by, the requirements of

1  the Protective Order.[2]  No member of the Defense Team shall permit a

2  witness or potential witness to retain Confidential Information or

3  any notes generated from Confidential Information.

4         i.   The Defense Team shall maintain Confidential

5  Information safely and securely, and shall exercise reasonable care

6  in ensuring the confidentiality of those materials by (1) not

7  permitting anyone other than members of the Defense Team, defendant,

8  witnesses, and potential witnesses, as restricted above, to see

9  Confidential Information; (2) not divulging to anyone other than

10  members of the Defense Team, defendant, witnesses, and potential

11  witnesses, the contents of Confidential Information; and (3) not

12  permitting Confidential Information to be outside the Defense Team's

13  offices, homes, vehicles, or personal presence.  CI Materials shall

14  not be left unattended in any vehicle.

15         j.   To the extent that defendant, the Defense Team,

16  witnesses, or potential witnesses create notes that contain, in whole

17  or in part, Confidential Information, or to the extent that copies

18

19      [2]  With respect to "Footnote 2 Materials," to the extent that
    defense counsel identifies witnesses who were present at the time of
20  the recordings, those witness may be informed of, and agree orally to
    be bound by, the requirements of the Protective Order before being
21  played that portion of the audio recording.  These files are still
    subject to all other requirements in the Protective Order, including
22  that defense counsel must be present whenever any CI Materials are
    being shown to a witness or potential witness, and no member of the
23  Defense Team shall permit a witness or potential witness to retain
    Confidential Information or any notes generated from Confidential
24  Information.  "Footnote 2 Materials" are defined as audio recording
    files identified as Bates No. USA_000317, in its entirety; Bates No.
25  USA_000318, beginning at 35 seconds through the end of the recording;
    Bates No. USA_000319, beginning at 26 minutes 50 seconds through 27
26  minutes, 10 seconds and beginning at 43 minutes 25 seconds through 43
    minutes 40 seconds, and 51 minutes 24 seconds through 51 minutes
27  through 51 minutes 45 seconds, in the recording; and Bates No.
    000320, beginning at 1 minute 1 second through 1 minute 21 seconds, 7
28  minutes 38 seconds through 8 minutes 30 seconds, which will be
    produced pursuant to the protective order entered in this case.

1  are made for authorized use by members of the Defense Team, such

2  notes, copies, or reproductions become Confidential Information

3  subject to the Protective Order and must be handled in accordance

4  with the terms of the Protective Order.

5          k.     The Defense Team shall use Confidential Information

6  only for the litigation of this matter and for no other purpose.

7  Litigation of this matter includes any appeal filed by a defendant

8  and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In

9  the event that a party needs to file Confidential Information with

10 the Court or divulge the contents of Confidential Information in

11 court filings, the filing should be made under seal.  If the Court

12 rejects the request to file such information under seal, the party

13 seeking to file such information publicly shall provide advance

14 written notice to the other party to afford such party an opportunity

15 to object or otherwise respond to such intention.  If the other party

16 does not object to the proposed filing, the party seeking to file

17 such information shall redact any CI Materials or PII Materials, and

18 make all reasonable attempts to limit the divulging of CI Materials

19 or PII Materials.

20         l.     The parties agree that any Confidential Information

21 inadvertently produced in the course of discovery prior to entry of

22 the Protective Order shall be subject to the terms of the Protective

23 Order.  If Confidential Information was inadvertently produced prior

24 to entry of the Protective Order without being marked "CONFIDENTIAL

25 INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government

26 shall reproduce the material with the correct designation and notify

27 defense counsel of the error.  The Defense Team shall take immediate

28 steps to destroy the unmarked material, including any copies.

1          m.    The parties agree that if any Confidential Information

2   contains both CI Materials and another category of Confidential

3   Information, the information shall be handled in accordance with the

4   CI Materials provisions of the Protective Order.

5          n.    Confidential Information shall not be used by the

6   defendant or Defense Team, in any way, in any other matter, absent an

7   order by this Court.  All materials designated subject to the

8   Protective Order maintained in the Defense Team's files shall remain

9   subject to the Protective Order unless and until such order is

10  modified by this Court.  Within 30 days of the conclusion of

11  appellate and post-conviction proceedings, defense counsel shall

12  return CI Materials to the government or certify that such materials

13  have been destroyed.  Within 30 days of the conclusion of appellate

14  and post-conviction proceedings, defense counsel shall return all PII

15  Materials, certify that such materials have been destroyed, or

16  certify that such materials are being kept pursuant to the California

17  Business and Professions Code and the California Rules of

18  Professional Conduct.

19         o.    In the event that there is a substitution of counsel

20  prior to when such documents must be returned, new defense counsel

21  must be informed of, and agree in writing to be bound by, the

22  requirements of the Protective Order before the undersigned defense

23  counsel transfers any Confidential Information to the new defense

24  counsel.  New defense counsel's written agreement to be bound by the

25  terms of the Protective Order must be returned to the Assistant U.S.

26  Attorney assigned to the case.  New defense counsel then will become

27  the Defense Team's custodian of materials designated subject to the

28  Protective Order and shall then become responsible, upon the

1  conclusion of appellate and post-conviction proceedings, for

2  (1) returning to the government, certifying the destruction of, or

3  retaining pursuant to the California Business and Professions Code

4  and the California Rules of Professional Conduct all PII Materials;

5  and (2) returning to the government or certifying the destruction of

6  all CI Materials.

7          p.   Defense counsel agrees to advise defendant and all

8  members of the Defense Team of their obligations under the Protective

9  Order and ensure their agreement to follow the Protective Order,

10  prior to providing defendant and members of the Defense Team with

11  access to any materials subject to the Protective Order.

12          q.   Defense counsel has conferred with defendant regarding

13  this stipulation and the proposed order thereon, and defendant agrees

14  to the terms of the proposed order.

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

11

1        r.    Accordingly, the parties have agreed to request that

2   the Court enter a protective order in the form submitted herewith.

3        IT IS SO STIPULATED.

4   Dated: August 31, 2020          NICOLA T. HANNA
                                    United States Attorney

5
                                    BRANDON D. FOX
6                                   Assistant United States Attorney
                                    Chief, Criminal Division
7

8                                        /s/
                                    RACHEL N. AGRESS
9                                   Assistant United States Attorney

10                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
11

12                                      /s/ (per email auhtorization)
    Dated: August 31, 2020
13                                  CLAIRE M. SIMONICH
                                    Deputy Federal Public Defender
14
                                    Attorney for Defendant
15                                  ANGEL PHILIP ANGULO, JR.

16

17

18

19

20

21

22

23

24

25

26

27

28

12